# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. CR08-253 RAJ |
| v. | |
| ALFRED TIDMORE, | DETENTION ORDER |
| Defendant. | |

Offenses charged:

    COUNT 1: Conspiracy to Distribute Hydromorphone and Alprazolam, in violation of 21 U.S.C. §§ 841 (a)(1), 841 (b)(1)(C), and 846

    COUNT 2: Acquiring a Controlled Substance by Subterfuge and Deception, in violation of 21 U.S.C. §§ 843 (a)(3) and 843 (d) and 18 U.S.C. §§ 2 and 3237

    COUNT 3: Distribution of a Controlled Substance, in violation of 21 U.S.C. §§ 841 (a)(1)(C), and18 U.S.C. §§ 2 and 3237

    COUNT 4: Use of a Communications Facility in Committing Drug Felony, in violation of 21 U.S.C. §§ 843(b)(d) and 18 U.S.C §§ 2 and 3237

Date of Detention Hearing:     October 1, 2008.

    The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds the following:

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

    (1)    Pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that

DETENTION ORDER                                                              15.13
18 U.S.C. § 3142(i)                                                   Rev. 1/91
PAGE 1

defendant is a flight risk and a danger to the community based on the nature of the pending charges. Application of the presumption is appropriate in this case.

(2) Defendant allegedly committed the offense for which he was charged while on bond.

(3) Defendant has stipulated to detention, but reserves the right to contest his continued detention if there is a change in circumstances.

(4) There are no conditions or combination of conditions other than detention that will reasonably assure the appearance of defendant as required.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 2nd day of October, 2008.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge